Dear Representative Mathews:
This opinion is in response to your question asking:
 Regarding the application of 610.021
RSMo (1987) to city governing bodies, can a city council close a meeting when considering appointments of volunteers to citizen boards by claiming that such an appointment deals with employee personnel matters under 610.021?
Section 610.021, RSMo Supp. 1988, provides in pertinent part:
 610.021. Closed meetings and records authorized, when — exceptions, parents and guardians to certain scholastic records and public access to certain personnel records. — Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
* * *
 (3) Hiring, firing, disciplining or promoting an employee of a public governmental body. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body must be made available to the public within seventy-two hours of the close of the meeting where such action occurs; provided, however, that any employee so affected shall be entitled to prompt notice before such decision is made available to the public; [Emphasis added.]
This language was incorporated in Chapter 610 in 1987 as part of the extensive amendment by House Committee Substitute for Senate Substitute for Senate Bill No. 2, 84th General Assembly, First Regular Session. Prior to this amendment an exception allowing a meeting to be closed was recognized for "meetings relating to the hiring, firing, disciplining, or promotion of personnel of a public governmental body." [Emphasis added.] Section 610.025.3, RSMo 1986 (repealed).
In determining the legislature's intent behind this change in statutory language, we must look to the well-established rule of statutory construction that words appearing in a statute must be given their "plain and ordinary meaning." State ex rel.Dravo Corporation v. Spradling, 515 S.W.2d 512, 517 (Mo. 1974). In interpreting the earlier language, this office observed in Attorney General Opinion No. 155, Marshall, 1975, a copy of which is enclosed, that "the `plain and ordinary meaning' of the word `personnel' is rather broad." The opinion concluded "that the word `personnel' as used in the context of § 610.025(4) [RSMo Supp. 1973] refers to officers or employees of a public governmental body who are hired or appointed by, and who are subject to removal by, such governmental body."
However, subsequent interpretations, in addition to the statutory amendment, have narrowed the scope of this exception. In Hawkins v. City of Fayette, 604 S.W.2d 716 (Mo.App. 1980), the Missouri Court of Appeals found a violation of Chapter 610 when a city council meeting was closed to discuss the mayor's salary. The court made a distinction between "general employees" and the mayor, "who was the elected presiding executive officer of the city." Id., 604 S.W.2d at 723. Finally, in Attorney General Opinion No. 48-88, a copy of which is enclosed, this office, in interpreting the language of Section 610.021, concluded that independent contractors are not within the meaning of the word "employee" as found in Section610.021(3).
The 1987 amendment added a statement of public policy to serve as guidance in interpreting the provisions of Chapter 610:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
Section 610.011, RSMo Supp. 1988.
The 1987 amendment, by expressly stating the public policy of openness and changing the word "personnel" to "employee," has narrowed the scope of the exception allowing a meeting, record or vote to be closed to the extent it relates to "hiring, firing, disciplining or promoting." A volunteer to a citizen board is not an employee of the public governmental body. Section 610.021(3), does not authorize a public governmental body to close a meeting when considering appointments of volunteers to citizen boards, because such an appointment is not within the specific exception for "hiring, firing, disciplining or promoting an employee of a public governmental body."
CONCLUSION
It is the opinion of this office that Section 610.021(3), RSMo Supp. 1988, does not authorize the governing body of a city to close a meeting when considering appointments of volunteers to citizen boards.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 155, Marshall, 1975 Opinion No. 48-88